**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| STEVAN E. PELIKAN; DEBORAH A. PELIKAN, | No. 08-70482 |
| Petitioners - Appellants, | CIR No. 7607-06 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Stevan E. and Deborah A. Pelikan appeal pro se from the Tax Court's

decision after a trial upholding the denial of innocent spouse relief to Stevan under

26 U.S.C. § 6015(b) and (f) from joint liability for tax deficiencies in 1999.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review for clear error the Tax Court's finding that Stevan is not entitled to innocent spouse relief under § 6015(b).  *Wiksell v. Comm'r*, 90 F.3d 1459, 1461 (9th Cir. 1996).  We review de novo the Tax Court's decision whether the Commissioner of Internal Revenue abused his discretion in denying equitable relief under § 6015(f).  *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006); *United States v. Washington*, 157 F.3d 630, 642 (9th Cir. 1998).  We affirm.

The Tax Court did not clearly err by finding that Stevan was not entitled to innocent spouse relief under § 6015(b) because there was evidence showing that the understatement of tax was not solely attributable to Deborah, that Stevan knew or had reason to know of the understatement, and that it would not be inequitable to hold Stevan liable for the deficiency.  *See* 26 U.S.C. § 6015(b); *Ordlock v. Comm'r*, 533 F.3d 1136, 1139 (9th Cir. 2008) (requirements to qualify for innocent spouse relief under § 6015(b)).  Contrary to the Pelikans' contention, the standard set forth in *Culver v. Commissioner*, 116 T.C. 189 (2001), is inapplicable, because *Culver* concerns § 6015(c), and Stevan stipulated that he was not entitled to relief under that section.

The Tax Court properly concluded that the Commissioner did not abuse his discretion by denying Stevan equitable relief under § 6015(f).  *See* 26 U.S.C.

2

§ 6015(f); Rev. Proc. 2003-61 § 4.03(2) (nonexclusive list of factors for determining whether to grant equitable relief under § 6015(f)).

We do not consider whether the Tax Court erred by sustaining the negligence penalty imposed under 26 U.S.C. § 6662 because the issue was not raised in the opening brief. *See Friends of Yosemite Valley v. Kempthorne,* 520 F.3d 1024, 1033 (9th Cir. 2008) (deeming waived issues not raised in the opening brief).

The Pelikans' remaining contentions are unpersuasive.

**AFFIRMED.**